# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Lynn Ellsworth, Petitioner -vs- State of Arizona, et al., Respondents. | CV-13-2106-PHX-SPL (JFM) **Report & Recommendation On Petition For Writ Of Habeas Corpus** |

## I. MATTER UNDER CONSIDERATION

Petitioner, incarcerated at the time in the Arizona State Prison Complex at Douglas, Arizona, filed through counsel his Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on November 18, 2013 (Doc. 5). On January 24, 2014 Respondents filed their Response ("Limited Answer") (Doc. 11), arguing procedural default, and on March 31, 2014, a Supplemental Answer (Doc. 14). Petitioner filed a Reply on February 26, 2014 (Doc. 12), and a Supplemental Reply on May 22, 2014 (Doc. 16).

The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

### A. FACTUAL BACKGROUND

Without objection from Petitioner, Respondents summarize the factual background as follows:

1

> In July of 2012, security guards found Ellsworth unconscious in a room at a hotel adjacent to the Apache Gold Casino in San Carlos, Arizona. In the room, police officers found 19.5 grams of methamphetamine, a pipe used for smoking methamphetamine, and more than $25,000 in cash. They also found a receipt showing that Ellsworth had rented the room.

(Answer, Doc. 10 at 2.)

## B. TRIBAL COURT PROCEEDINGS

On September 21, 2012, the San Carlos Apache Tribe filed a Criminal Complaint (Exhibit B), charging Petitioner with racketeering, various drug charges, and endangerment, arising out of his drug related activities at the Casino. (Exhibits to the Answer, Doc. #, are referenced herein as "Exhibit ___.") Petitioner eventually entered into a written Plea Agreement (Exhibit C), wherein he agreed to plead guilty to one count of "Racketeering-Unlawful Use of Dangerous Drugs," in exchange for dismissal of the other charges and a sentencing recommendation for no jail or probation, but a fine of $8,000.00, plus court costs, to be deducted from the confiscated funds. Petitioner also entered into a Settlement Agreement (Exhibit D), agreeing to forfeiture of another $2,500 from the confiscated funds, with the balance and other property to be returned to Petitioner or his counsel.

The tribal court accepted the plea agreement and directed the payment of the fine and return of the balance of the funds to defense counsel, with the proviso that the funds could be photocopied and the copies "may be used as and in evidence the same as the original currency against Defendant Ellsworth by the state of Arizona or any Federal Court in any other criminal proceedings." (Exhibit E, Order 10/26/12.)

## C. STATE COURT PROCEEDINGS

In the interim, on August 8, 2012, Petitioner was indicted in Gila County Superior Court on charges of possession of dangerous drugs for sale, possession of paraphernalia, and use of dangerous drugs. (Exhibit F, Direct Indictment.)

After his sentencing in the tribal court, Petitioner filed a Motion to Dismiss (Exhibit G), arguing *inter alia* that in light of the tribal court sentence, his prosecution was barred by the Double Jeopardy Clause, under both state and federal law. The motion was denied. (Exhibit H, M.E. 1/22/13.)

Petitioner proceeded to trial, and was convicted of a lesser included offense of possession of dangerous drugs, as well as the paraphernalia and use charges. (Exhibit L, Verdicts.) On March 11, 2013, Petitioner was sentenced to concurrent terms of 4.5, 1.75 and 4.5 years in prison. (Exhibit M, Sentence.)

Petitioner did not file a direct appeal, or a petition for post-conviction relief. Although the Amended Petition alleges a direct appeal, the reference is to Petitioner's Petition for Special Action, described hereinafter. (Amend. Pet., Doc. 5 at 2-4.)

### D.  PETITION FOR SPECIAL ACTION

On January 29, 2013, during the pendency of his trial court proceedings, Petitioner filed with the Arizona Court of Appeals a Petition for Special Action (Exhibit I), arguing *inter alia* that his prosecution was barred by the Double Jeopardy Clause. On February 20, 2013, the Arizona Court of Appeals summarily declined to accept jurisdiction. (Exhibit K, Order 2/20/13.) (The trial court thereafter proceeded with trial.)

Petitioner then filed a Petition for Review by the Arizona Supreme Court, seeking review of the Arizona Court of Appeals' order. (Reply, Doc. 12, Exhibit RA, Pet.Rev.) On July 10, 2013, the Arizona Supreme Court summarily denied review. (*Id.* at Exhibit RB, Order 7/10/13.)

### E.  PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** – Thereafter, Petitioner commenced the current case by filing an original Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on October 15, 2013 (Doc. 1). That petition was dismissed with leave to amend, on the basis that Petitioner had named improper parties.

On November 18, 2013, Petitioner filed the instant First Amended Petition for Writ of Habeas Corpus (Doc. 5.) Petitioner's Petition asserts a single ground for relief, that his state prosecution was barred by the Double Jeopardy Clause because he had previously been prosecuted by the San Carlos Tribe for the same conduct.

**Response** - On January 24, 2014, Respondents filed their Response ("Limited Answer") (Doc. 10). Respondents argue that Petitioner has procedurally defaulted on his state remedies.

**Reply** - On February 26, 2014, Petitioner filed a Reply (Doc. 12). Petitioner argues that he exhausted his state remedies by arguing his claim in his Motion to Dismiss before the trial court, and in his Petition for Special Action and the Petition for Review therefrom.

**Supplements** – On March 31, 2014, the Court ordered (Doc. 13) Respondents to supplement their answer to identify the specific procedural bars on which they relied to assert a procedural default. On the same date, Respondents filed their Supplement (Doc. 14).

On May 22, 2014, Petitioner filed his Supplemental Reply (Doc. 16) asserting that the presentation of his Double Jeopardy claim in his Special Action proceeding was sufficient to fairly present his claims to the Arizona Court of Appeals, and thus he properly exhausted his state remedies.

### III. APPLICATION OF LAW TO FACTS

Respondents argue that Petitioner's claims are procedurally defaulted, and thus are barred from federal habeas review.

**1. Exhaustion Requirement**

Generally, a federal court has authority to review a state prisoner's claims only if available state remedies have been exhausted. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (*per curiam*). The exhaustion doctrine, first developed in case law, has been

codified at 28 U.S.C. § 2254(b) and (c).  When seeking habeas relief, the burden is on the petitioner to show that he has properly exhausted each claim.  *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981)(*per curiam*), *cert. denied*, 455 U.S. 1023 (1982).

Ordinarily, "to exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994).  Only one of these avenues of relief must be exhausted before bringing a habeas petition in federal court.  This is true even where alternative avenues of reviewing constitutional issues are still available in state court.  *Brown v. Easter*, 68 F.3d 1209, 1211 (9th Cir. 1995); *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989).  "In cases not carrying a life sentence or the death penalty, 'claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.'" *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005)(quoting *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999)).

Here, Petitioner has never filed a direct appeal or a collateral attack under Rule 32.  His only foray to the Arizona Court of Appeals was in his Petition for Special Action. In that proceeding Petitioner plainly asserted the facts and legal theory on which he now relies.[1]

Utilizing extraordinary procedures that depend upon a discretionary exercise of jurisdiction is not fair presentation of a claim.  In *Castille v. Peoples*, the Supreme Court held that presentation of a claim to the Pennsylvania Supreme Court in a petition for allocator was not fair presentation because "such allocatur review 'is not a matter of right, but of sound judicial discretion, and an appeal will be allowed only when there are special and important reasons therefor.'" 489 U.S. 346, 347 (1989).  The Court opined

---

[1] Here, the Arizona Court of Appeals gave no indication that it addressed the merits of Petitioner's claims, but simply ruled that "[t]he Court declines to accept jurisdiction." (Exhibit J, Order 2/20/13.)   Thus, it does not appear that the claim was actually considered. *Cf. Cooper v. Neven*, 641 F.3d 322, 331 (9th Cir. 2011) (exhaustion of claim actually considered even if no fair presentation by raising for first time at appellate level).

5

that "where the claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless 'there are special and important reasons therefor,' that "[r]aising the claim in such a fashion does not, for the relevant purpose, constitute 'fair presentation.'" *Id.* at 351.

In *Roettgen v. Copeland*, the Ninth Circuit applied *Castille* to an Arizona petition for writ of habeas corpus, and held: "Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation."  33 F.3d 36, 38 (9th Cir. 1994).  In *Roettgen*, the Arizona Supreme Court dismissed the state habeas petition "stating that the relief he sought 'may be obtained through a petition for post-conviction relief in the trial court.'" *Id.* at 38.   The *Roettgen* court acknowledged that in Arizona state "habeas corpus relief remains available for claims which fall outside the scope of Rule 32," but also observed that the petitioner's claims were "cognizable under Rule 32." *Id.*

Here, an Arizona special action proceeding is limited to cases where there is no "equally plain, speedy, and adequate remedy by appeal."  17B Ariz. Rev. Stat. Special Actions, Rules of Proc., Rule 1(a).

Thus, the Arizona Courts have repeatedly instructed that "a petition for special action is the appropriate vehicle for a defendant to obtain judicial appellate review of an interlocutory double jeopardy claim." *Nalbandian v. Superior Court In and For County of Maricopa*, 163 Ariz. 126, 130, 786 P.2d 977, 981 (Ariz.App. Div. 1 1989).  *See also State v. Moody*, 208 Ariz. 424, 437, 94 P.3d 1119, 1133 (2004) (citing *Nalbandian* approvingly). This direction is founded upon the principle enunciated in *Abney v. United States* that an interlocutory appeal is an appropriate means to attack a double jeopardy violation because "even if the accused is acquitted, or, if convicted, has his conviction ultimately reversed on double jeopardy grounds, he has still been forced to endure a trial that the Double Jeopardy Clause was designed to prohibit." 431 U.S. 651, 662 (1977). *See Nalbandian*, 163 Ariz. at 129, 786 P.2d at 980 (quoting *Abney*).  "[T]he guarantee against double jeopardy assures an individual that, among other things, he will not be

forced, with certain exceptions, to endure the personal strain, public embarrassment, and expense of a criminal trial more than once for the same offense. It thus protects interests wholly unrelated to the propriety of any subsequent conviction." *Abney*, 431 U.S. at 661.

Other interlocutory challenges do not involve the same sorts of interests. Thus, in *Pitchess v. Davis*, the Supreme Court held that a California interlocutory writ of prohibition asserting a destruction of evidence claim was not fair presentation because "full post-trial appellate review is available if respondent is convicted." 421 U.S. 482, 488 (1975). In *Casey v. Moore*, presentation of claims of violations of the Confrontation Clause and due process in closing argument in a Washington petition for appeal was not *fair* presentation because the Washington Supreme Court granted review in such proceedings "not as a matter of right, but within its own discretion." 386 F.3d 896, 917 (9th Cir. 2004).

Nonetheless, the Arizona Court of Appeals' "decision to accept special action review is highly discretionary." *Snyder v. Donato*, 211 Ariz. 117, 119, 118 P.3d 632, 634 (Ariz.App. Div. 1 2005). Similarly, "[s]pecial action review by [the Arizona Supreme] Court is discretionary." *Haywood Securities, Inc. v. Ehrlich*, 214 Ariz. 114, 115, 149 P.3d 738, 739 (2007).[2]

> Special action jurisdiction is more likely to be accepted in cases involving a matter of first impression, statewide significance, or pure questions of law. In addition, accepting special action jurisdiction is appropriate when the issue is one "upon which lower courts, lacking appellate guidance, have rendered inconsistent judgments."

*State ex rel. Pennartz v. Olcavage*, 200 Ariz. 582, 585, 30 P.3d 649, 652 (Ariz. App. Div. 1 2001). Even where the claim involves an interlocutory Double Jeopardy

---

[2] The rules governing Arizona special actions do not provide that jurisdiction is discretionary. The only source identified for the implication of discretion (other than conclusory pronouncements by the courts themselves) seems to be a State Bar Committee Note to Rule 3 of the Special Action Rules. 17B Ariz. Rev. Stat. Special Actions, Rules of Proc., Rule 3, note ("The special action requests extraordinary relief, and acceptance of jurisdiction of a special action is highly discretionary with the court to which the application is made.")

challenge, the Arizona courts have proceeded on a discretionary basis. *See e.g. Lewis v. Warner*, 166 Ariz. 354, 355, 802 P.2d 1053, 1054 (Ariz.App. Div. 2 1990) ("Because this is a matter of statewide concern and turns entirely upon legal principles rather than controverted issues of fact, we accept jurisdiction."); and *Lemke v. Rayes*, 213 Ariz. 232, 235, 141 P.3d 407, 410 (Ariz.App. Div. 1 2006) ("In the exercise of our discretion, we previously accepted jurisdiction because Lemke has no adequate remedy by appeal.").

Moreover, there is no suggestion that Petitioner was precluded by the potential availability of a special action from seeking review of his Double Jeopardy claim in a Rule 32 Post-Conviction Relief proceeding. Indeed, in *State v. Felix*, the Arizona Court of Appeals held that the availability of a special action to review double jeopardy claims did not result in a preclusion of bringing the claim in later proceedings.

> Not only have our courts not expressly required that double jeopardy claims be raised by special action, we find little logic in imposing such a rule. The exercise of our jurisdiction to address an issue raised by special action is discretionary—we may decline jurisdiction and thereby render no decision on the merits at all.

*State v. Felix*, 214 Ariz. 110, 112, 149 P.3d 488, 490 (Ariz.App. Div. 2 2006).

Based on the foregoing, the undersigned concludes that although proper to seek, special action review of Petitioner's interlocutory Double Jeopardy challenge was discretionary with the Arizona Court of Appeals, making it "a procedural context in which its merits will not be considered absent special circumstances." *Roettgen,* 33 F.3d at 38. As a result, it did not result in fair presentation of Petitioner's federal claim.

## 2. Procedural Default

Ordinarily, unexhausted claims are dismissed without prejudice. *Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991). However, where a petitioner has failed to properly exhaust his available administrative or judicial remedies, and those remedies are now no longer available because of some procedural bar, the petitioner has "procedurally defaulted" and is generally barred from seeking habeas relief. Dismissal with prejudice of a procedurally defaulted habeas claim is generally proper absent a "miscarriage of

justice" which would excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984).

Respondents argue that Petitioner may no longer present his unexhausted claims to the state courts, and rely upon Arizona's preclusion bar, set out in Ariz. R. Crim. Proc. 32.2(a) and time limit bar, set out in Ariz. R. Crim. P. 32.4. (Supp. Answer, Doc. 14 at 5-6.)

**<u>Remedies by Direct Appeal</u>** - Under Ariz.R.Crim.P. 31.3, the time for filing a direct appeal expires twenty days after entry of the judgment and sentence. Moreover, no provision is made for a successive direct appeal. Accordingly, direct appeal is no longer available for review of Petitioner's unexhausted claims. Moreover, as a pleading defendant, Petitioner had no right to file a direct appeal. *See* Ariz.R.Crim.P. 17.1(e); and *Montgomery v. Sheldon*, 181 Ariz. 256, 258, 889 P.2d 614, 616 (1995).

**<u>Remedies by Post-Conviction Relief</u>** – Under Arizona's waiver and timeliness bars, Petitioner can no longer seek review by a subsequent PCR Petition.

<u>Waiver Bar</u> - Under the rules applicable to Arizona's post-conviction process, a claim may not ordinarily be brought in a petition for post-conviction relief that "has been waived at trial, on appeal, or in any previous collateral proceeding." Ariz.R.Crim.P. 32.2(a)(3). Under this rule, some claims may be deemed waived if the State simply shows "that the defendant did not raise the error at trial, on appeal, or in a previous collateral proceeding." *Stewart v. Smith*, 202 Ariz. 446, 449, 46 P.3d 1067, 1070 (2002) (quoting Ariz.R.Crim.P. 32.2, Comments). For others of "sufficient constitutional magnitude," the State "must show that the defendant personally, "knowingly, voluntarily and intelligently' [did] not raise' the ground or denial of a right." *Id.* That requirement is limited to those constitutional rights "that can only be waived by a defendant personally." *State v. Swoopes*, 216 Ariz. 390, 399, 166 P.3d 945, 954 (App.Div. 2, 2007). Indeed, in coming to its prescription in *Stewart v. Smith*, the Arizona Supreme Court identified: (1) waiver of the right to counsel, (2) waiver of the right to a jury trial, and (3) waiver of the right to a twelve-person jury under the Arizona Constitution, as among those rights which require a personal waiver. 202 Ariz. at 450, 46 P.3d at

1071. Claims based upon ineffective assistance of counsel are determined by looking at "the nature of the right allegedly affected by counsel's ineffective performance. *Id*. Here, none of Petitioner's claims are of the sort requiring a personal waiver.

Nonetheless, the waiver bar only applies to a failure to raise a claim "at trial, on appeal, or in any previous collateral proceeding." Ariz. R. Crim. P. 32.2(a)(3). Petitioner did not fail to assert his Double Jeopardy claim at trial; he filed a motion to dismiss on the issue. (*See* Pet. Exhibit 1, MTD.) Petitioner had no right to file a direct appeal, and thus could not have waived any claims there. And, he has not previously instituted a post-conviction relief proceeding. (His special action was pre-conviction.) *Cf. State v. Felix*, 214 Ariz. 110, 112, 149 P.3d 488, 490 (Ariz.App. Div. 2 2006) (no preclusion from unsought special action review).

Accordingly, the undersigned concludes that Arizona's waiver bar does not apply to Petitioner's Double Jeopardy claims.

<u>Timeliness Bar</u> - Even though not barred by preclusion, Petitioner would now be barred from raising his claims by Arizona's time bars. Ariz.R.Crim.P. 32.4 requires that petitions for post-conviction relief (other than those which are "of-right") be filed "within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is the later." *See State v. Pruett*, 185 Ariz. 128, 912 P.2d 1357 (App. 1995) (applying 32.4 to successive petition, and noting that first petition of pleading defendant deemed direct appeal for purposes of the rule). That time has long since passed.

<u>Exceptions</u> - Rules 32.2 and 32.4(a) do not bar dilatory claims if they fall within the category of claims specified in Ariz.R.Crim.P. 32.1(d) through (h). See Ariz. R. Crim. P. 32.2(b) (exceptions to preclusion bar); Ariz. R. Crim. P. 32.4(a) (exceptions to timeliness bar). Petitioner has not asserted that any of these exceptions are applicable to his claims. Nor does it appears that such exceptions would apply. The rule defines the excepted claims as follows:

> d. The person is being held in custody after the sentence

        imposed has expired;
           e. Newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence. Newly discovered material facts exist if:
                (1) The newly discovered material facts were discovered after the trial.
                (2) The defendant exercised due diligence in securing the newly discovered material facts.
                (3) The newly discovered material facts are not merely cumulative or used solely for impeachment, unless the impeachment evidence substantially undermines testimony which was of critical significance at trial such that the evidence probably would have changed the verdict or sentence.
           f. The defendant's failure to file a notice of post-conviction relief of-right or notice of appeal within the prescribed time was without fault on the defendant's part; or
           g. There has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence; or
           h. The defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found defendant guilty of the underlying offense beyond a reasonable doubt, or that the court would not have imposed the death penalty.

Ariz.R.Crim.P. 32.1.

      Paragraph 32.1 (d) (expired sentence) generally has no application to an Arizona prisoner who is simply attacking the validity of his conviction or sentence. Where a claim is based on "newly discovered evidence" that has previously been presented to the state courts, the evidence is no longer "newly discovered" and paragraph (e) has no application. Here, Petitioner has long ago asserted the facts underlying his claims. Paragraph (f) has no application because Petitioner makes no assertion that the failure to file an appeal or PCR of right was without fault on his part. Paragraph (g) has no application because Petitioner has not asserted a change in the law since his last PCR proceeding. Finally, paragraph (h), concerning claims of actual innocence, has no application to the procedural claims Petitioner asserts in this proceeding.

      Therefore, none of the exceptions apply, and Arizona's time bar would prevent Petitioner from returning to state court. Thus, Petitioner's Double Jeopardy claims are now procedurally defaulted.

//

//

## B. CAUSE AND PREJUDICE

If the habeas petitioner has procedurally defaulted on a claim, or it has been procedurally barred on independent and adequate state grounds, he may not obtain federal habeas review of that claim absent a showing of "cause and prejudice" sufficient to excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984).

"Cause" is the legitimate excuse for the default. *Thomas v. Lewis*, 945 F.2d 1119, 1123 (1991). "Because of the wide variety of contexts in which a procedural default can occur, the Supreme Court 'has not given the term "cause" precise content.'" *Harmon v. Barton*, 894 F.2d 1268, 1274 (11th Cir. 1990) (quoting Reed, 468 U.S. at 13), *cert. denied*, 498 U.S. 832 (1990). The Supreme Court has suggested, however, that cause should ordinarily turn on some objective factor external to petitioner, for instance:

> ... a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that "some interference by officials", made compliance impracticable, would constitute cause under this standard.

*Murray v. Carrier*, 477 U.S. 478, 488 (1986) (citations omitted).

Petitioner makes no argument that cause exists to excuse his procedural default.

Although, both "cause" and "prejudice" must be shown to excuse a procedural default, although a court need not examine the existence of prejudice if the petitioner fails to establish cause. *Engle v. Isaac*, 456 U.S. 107, 134 n. 43 (1982); *Thomas v. Lewis*, 945 F.2d 1119, 1123 n. 10 (9th Cir.1991). Petitioner has filed to establish cause for his procedural default. Accordingly, this Court need not examine the merits of Petitioner's claims or the purported "prejudice" to find an absence of cause and prejudice.

## C. ACTUAL INNOCENCE AS CAUSE

The standard for "cause and prejudice" is one of discretion intended to be flexible and yielding to exceptional circumstances, to avoid a "miscarriage of justice." *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986). Accordingly, failure to establish cause may be excused "in an extraordinary case, where a

constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (emphasis added).  Although not explicitly limited to actual innocence claims, the Supreme Court has not yet recognized a "miscarriage of justice" exception to exhaustion outside of actual innocence.  *See* Hertz & Lieberman, *Federal Habeas Corpus Pract. & Proc.* §26.4 at 1229, n. 6 (4th ed. 2002 Cumm. Supp.).  The Ninth Circuit has expressly limited it to claims of actual innocence.  *Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008).

Petitioner makes no assertion of actual innocence to excuse his procedural default.

Accordingly his procedurally defaulted and procedurally barred claims must be dismissed with prejudice.

## IV.  CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment.  The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner.  Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds. Under the reasoning set forth herein, reasonable jurists could find it debatable whether Petitioner's presentation of his double jeopardy claim in his special action was a fair presentation, making his state remedies exhausted.

However, Petitioner must also establish "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Here, Petitioner's argument is that his prosecution by the San Carlos Apache Tribe, followed by his prosecution by the State of Arizona, for the same conduct, was a violation of the Double Jeopardy Clause.  However, successive prosecutions for the same conduct do not violate Double Jeopardy where the prosecutions are by separate sovereigns; and the states, the federal government, and the Indian tribes are all separate sovereigns for Double Jeopardy purposes. *See U.S. v. Wheeler*, 435 U.S. 313 (1978) (applying to tribal punishment of tribal members); and *U.S. v. Lara*, 541 U.S. 193 (2004) (applying to tribal punishment of non-member Indians after post-*Wheeler* legislation allowing jurisdiction over non-member Indians).  Accordingly, Petitioner's constitutional claims are plainly without merit.

Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's First Amended

Petition for Writ of Habeas Corpus, filed November 4, 2013 (Doc. 5) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that, to the extent the foregoing findings and recommendations are adopted in the District Court's order, a Certificate of Appealability be **DENIED**.

## VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings.  Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: September 5, 2014

13-2106r RR 14 03 28 on HC.docx

James F. Metcalf
United States Magistrate Judge