IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Lynn Ellsworth, | No. CV-13-02106-PHX-SPL |
| Petitioner, | **ORDER** |
| vs. | |
| State of Arizona, et al., | |
| Respondents. | |

Before the Court is Petitioner Christopher Lynn Ellsworth's First Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 5). The Honorable James F. Metcalf, United States Magistrate Judge, has issued a Report and Recommendation ("R&R") (Doc. 19), recommending that the petition be denied. Petitioner has filed an Objection to the R&R. (Doc. 22.) For the reasons that follow, the Court accepts and adopts the R&R, and denies the petition.

**I.   Background**

In July 2012, Petitioner was arrested in a hotel room located in Arizona.[1] In the room, police officers found 19.5 grams of methamphetamine, drug paraphernalia, and more than $25,000 in cash. (Doc. 5-1.) On September 21, 2012, a complaint was filed in the San Carlos Apache Tribal Court, Case No. CR2012-2526, charging Petitioner with racketeering, unlawful drug use, possession of drug paraphernalia, and endangerment.

---

[1] Specifically, Petitioner asserts that the hotel room was located on the San Carlos Apache Tribe Reservation.

(Doc. 5-2.) Petitioner entered into a plea agreement in which he pleaded guilty to one count of Racketeering-Unlawful Use of Dangerous Drugs and a fine, in exchange for dismissal of the remaining charges and a sentencing recommendation for no jail or probation. (Doc. 5-2.) Petitioner also entered into a settlement agreement, agreeing to forfeiture of certain confiscated funds, with the balance and other property to be returned to him or to his counsel. (Doc. 5-3.) The tribal court accepted the plea agreement, directed the payment of the fine, and ordered return of the balance of the funds to defense counsel, under the condition that it "may be used as and in evidence the same as the original currency against Defendant Ellsworth by the state of Arizona or any Federal Court in any other criminal proceedings." (Docs. 5-2; 5-3.)

Prior to the conclusion of his tribal court proceedings, on August 8, 2012, Petitioner was indicted in Gila County Superior Court, Case No. CR2012-371, on charges of possession of dangerous drugs for sale, possession of paraphernalia, and use of dangerous drugs. (Doc. 5-4.)

Following sentencing in tribal court, Petitioner filed a motion to dismiss in state court arguing that his state court prosecution was barred by his right against double jeopardy under state and federal law. (Doc. 5-1.) The state court denied the motion. (Doc. 5-8.) Petitioner filed a Petition for Special Action on January 29, 2013 with the Arizona Court of Appeals, seeking interlocutory review on his claim that his prosecution was barred by the Double Jeopardy Clause. (Doc. 5-5.) On February 20, 2013, the Arizona Court of Appeals summarily declined to accept jurisdiction. (Doc. 5-5.) Petitioner then sought review of that order by the Arizona Supreme Court, which was summarily denied. (Doc. 5-5.)

Petitioner ultimately proceeded to trial, and was convicted of a lesser included offense of possession of dangerous drugs, as well as the paraphernalia and drug use charges. (Doc. 5-8.) On March 11, 2013, Petitioner was sentenced to concurrent terms of imprisonment totaling 4.5 years. (Doc. 5-8.) Petitioner did not file a direct appeal or a

petition for post-conviction relief.[2]

Petitioner filed a federal habeas petition on October 15, 2013, commencing the instant action. (Doc. 1.) On November 18, 2013, Petitioner filed a First Amended Petition for Writ of Habeas Corpus (Doc. 5), raising one claim for relief. Petitioner claims that his state prosecution was barred by the Double Jeopardy Clause because he had previously been convicted in San Carlos Apache Tribal Court for the same offenses. The petition was fully briefed, and the Magistrate Judge issued an R&R recommending that the petition be denied because Petitioner's claims are procedurally barred from review.

## II.    Standard of Review

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. *See* 28 U.S.C. § 636(b)(1). The Court must undertake a *de novo* review of those portions of the R&R to which specific objections are made. *See id.;* Fed. R. Civ. P. 72(b)(3); *United States v. Reyna–Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003).  However, a petitioner is not entitled as of right to *de novo* review of evidence and arguments raised for the first time in an objection to the R&R, and whether the Court considers the new facts and arguments presented is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

## III.    Discussion

Petitioner has objected to the R&R's finding that his claim is procedurally defaulted and barred from review. Petitioner's arguments culminate into one primary point: he contends that because the state court lacked jurisdiction to convict him, his conviction was invalid from the onset and he was therefore not required to comply with the state rules to exhaust his claims. This argument is without merit.

Here, Petitioner is seeking federal habeas relief from this Court under 28 U.S.C. § 2254. While Petitioner argues that he should not have been required to exhaust state remedies because his conviction was inherently unfair or unconstitutional in the first

---

[2]    Although Petitioner indicates in his petition that he filed a direct appeal, the reference refers to the interlocutory special action petition. (Doc. 5 at 2-4.)

instance, that theory does not *void ab initio* the requirements that must be satisfied in order to obtain federal habeas review and relief.

A federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which affords relief to a person in custody pursuant to the judgment of a state court in violation of the Constitution and laws of the United States, is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[3] 28 U.S.C. § 2244. Under the AEDPA, a federal court may not grant habeas relief if the petitioner has failed to exhaust his claim in state court. 28 U.S.C. § 2254(b)(1) & (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999). "[A] petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted). A petitioner must present his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan*, 526 U.S. at 848. A petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "[C]laims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them" either on direct appeal or through appropriate post-conviction relief. *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). If a petitioner fails to invoke the required procedure, exhaustion is not satisfied even if the petitioner raises the claim through an alternative procedure. *See e.g., Roettgen,* 33 F.3d at 38.

As the Magistrate Judge correctly found, Petitioner did not exhaust his claim, and the claim is therefore procedurally barred from review by this Court. While a petition for special action is the appropriate vehicle to obtain judicial appellate review of an interlocutory double jeopardy claim, *see State v. Moody*, 94 P.3d 1119, 1133 (Ariz. 2004)

---

[3] The AEDPA applies to cases that were filed after its effective date, April 24, 1996. *See Lindh v.* Murphy, 521 U.S. 320, 326-27 (1997).

(citing *Nalbandian v. Superior Court In and For County of Maricopa*, 786 P.2d 977, 981 (Ariz. Ct. App. 1989)), the Arizona Court of Appeals did not review the claim on its merits and declined to exercise jurisdiction over the petition. Therefore, the special action petition did not serve to fairly present Petitioner's claims for purposes of the exhaustion requirement. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Roettgen, supra*. Petitioner also did not present his claim on direct appeal or in post-conviction relief proceedings following his conviction, and the availability of interlocutory special action review did not preclude him from presenting his double jeopardy claim in those forums at that time. *See State v. Felix*, 149 P.3d 488, 490 (Ariz. Ct. App. 2006). *Cf.* 28 U.S.C. § 2254(b)(1)(B) (an exception to the exhaustion requirement exists where there is an absence of an available state corrective process or circumstances exist that render the process ineffective).

While Petitioner challenges jurisdictional jurisprudence and the fairness of the system, he does not assert any basis to establish cause for the procedural default of his claims, nor does he maintain a claim of actual innocence. *See Coleman v. Thompson,* 501 U.S. 722, 731 (1991) (discussing "cause" and "prejudice"); *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (discussing "fundamental miscarriage of justice"). Therefore, finding his claim is procedurally barred from review, the Court will adopt the R&R recommending that the petition be denied. Accordingly,

**IT IS ORDERED:**

1. That Magistrate Judge's Report and Recommendation (Docs. 19) is **accepted** and **adopted** by the Court;

2. That the First Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 5) is **denied** and **dismissed with prejudice**;

3. That a Certificate of Appealability is **denied** because the dismissal of the First Amended Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable; and

/ / /

1   4.   That the Clerk of Court shall **terminate** this action.

Dated this 24th day of September, 2015.

                                                Honorable Steven P. Logan
                                                United States District Judge